Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Scott Griffiths (Arizona Bar #028906)
**MILLS + WOODS LAW**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanna Newman, *et al.*, | Case No.: CV-19-08136-PCT-ROS (JZB) |
| Plaintiffs, | **CASE MANAGEMENT REPORT** |
| vs. | |
| Yavapai County, *et al.*, | |
| Defendants. | |

Pursuant to Rules 16 and 26(f), Fed. R. Civ. P. and this Court's July 10, 2019 Order (Doc. 15), the parties hereby submit their Case Management Report.

1. **Rule 26(f) Conference**: On July 29, 2019, counsel for the parties conducted a Rule 26(f) meeting to discuss the Joint Management Report. The following parties attended the meeting: Scott Griffiths on behalf of Plaintiffs; Kathleen Elder on behalf of Wexford Health Sources, Inc. and Defendants Kadyann Cobey, Debra Wagner, Danielle Alderson and Linda Alvarez; J.T. Shoaf on behalf of Mike and Janice Thompson; and Karen Stillwell on behalf of Yavapai County and Sheriff Scott Mascher.

2. **Short Statement on Nature of Case and Claims/Defenses**:

Plaintiff: On February 5, 2018, Charles ("Charlie") Edward Brown died while in custody at the Yavapai County Jail. When he was arrested, he had syringes with heroin in his possession. When he entered the Yavapai County Jail, he told medical providers that

7767205.1

he used heroin. Although he initially denied that he was under the influence of heroin he eventually told his providers that he had recently used. Charlie's medical providers acknowledged his dependence on heroin and the fact that he lied about it initially.

Shortly after arriving at the jail, Charlie began withdrawal from heroin. Medical records reflect that Charlie was having chills and nausea with vomiting. His record is rife with references to his reliance on drugs and his problem list that mostly included mental health and "detox." Charlie's condition worsened to the point that on February 4th, Detention Officer Clark saw Charlie attempt suicide. Charlie was put on suicide watch as a result.

Eighteen hours later, Charlie was removed from suicide watch and moved back to general population. Charlie's symptoms for detoxification worsened and were observed by various unknown[1] detention officers. Charlie killed himself ten hours later. In his cell, there was a "green sheet" where he had written that his ribs were broken, he needed something to help him sleep, and that he was feeling helpless.

Charlie's parents and his estate, represented by his grandmother Joanna Newman, bring this suit, alleging wrongful death and violations of Charlie's well-established Eighth Amendment rights against all defendants.

Defendants:

1. Summary of facts

This matter arises out of the death of Charles Brown, which occurred while he was incarcerated at Yavapai County Detention Center. Specifically, Mr. Brown committed suicide by asphyxiation on February 5, 2018. It is Defendants' position that all Defendants acted reasonably, within the appropriate standard of care, and consistent with the

---

[1] Plaintiff is aware that several detention officers observed Charlie and interacted with him in his final hours. These interactions are described without very much detail in the Yavapai County Sheriff's Office investigation into Charlie's death. The County has not provided any documents indicating who worked in Charlie's dorm on February 5, 2018. As a result, Plaintiff anticipates that there may be additional parties added as defendants in this case as described in Sections 6 & 9 below.

2

7767205.1

decedent's constitutional rights at all times relevant to Plaintiffs' Complaint. That care is outlined in the Wexford medical file and the Yavapai County correctional file.

2. Legal Defenses

Defendants plead the following defenses either based on the facts as they currently stand or under reservation pending discovery:

a. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

b. Plaintiffs' Complaint fails to allege sufficient affirmative involvement of the Defendants.

c. Any alleged injury to the decedent was due to his own intentional misconduct or negligence and not due to any misconduct or failings on the part of the Defendants.

d. Defendants' actions were objectively reasonable under the circumstances and they were acting in good faith and without malice.

e. Plaintiffs' Complaint fails to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation.

f. The allegations against Defendants were not the proximate cause of any injuries, losses or damages to Plaintiff.

g. At all times relevant to Plaintiffs' Complaint, Defendants acted in good faith, and did not violate Plaintiffs' constitutional rights of which a reasonable person would have known, hereby affirmatively raising the defense of qualified immunity for those Defendants where such a defense is available under the law.

h. Defendants did not violate the Plaintiffs' or the decedent's rights under the Fourteenth Amendment of the United States Constitution.

i. The theory of respondeat superior is insufficient to support Plaintiffs' Complaint.

j. Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

k. Defendants did not promulgate any custom, policy, or practice that violated Plaintiffs' and/or the decedent's constitutional rights.

3

7767205.1

l.   At all times relevant to Plaintiffs' Complaint, Defendants' actions were lawful and within the appropriate standard of care.

3.   **Principal Factual and Legal Disputes In the Case**:

Plaintiff:

- Whether the defendants were negligent and, if so, whether their negligence was partly or fully responsible for Mr. Brown's death.
- Whether the defendants were deliberately indifferent to Mr. Brown's serious medical needs.
- Whether Plaintiffs suffered harm as a result of Defendants' negligence and/or deliberate indifference.
- The nature and extent of Plaintiffs' damages.

Defendants:

- Whether the defendants were negligent and, if so, whether their negligence was partly or fully responsible for Mr. Brown's death.
- Whether the defendants were deliberately indifferent to Mr. Brown's serious medical needs and, if so, whether Plaintiffs suffered harm as a result of the same.
- Whether Plaintiffs suffered harm as a result of Defendants' negligence and/or deliberate indifference.
- Whether the defendants promulgated a custom, policy, or practice that was unconstitutional and, if so, if such custom, policy, or practice was causally related to Mr. Brown's death.
- Whether the defendants acted within the applicable standard of care.
- The nature and extent of Plaintiffs' damages.

4

7767205.1

4. **Jurisdictional Basis**: Jurisdiction is proper over Plaintiffs' constitutional claims pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

5. **Service**: All parties who are currently known have been served.

6. **Additional Parties**:

   a. Plaintiff anticipates adding additional County employees/officials as defendants upon discovery of their identity. Plaintiff believes that there may be additional medical personnel that may be added as defendants as well.

   b. Defendants are unaware of any additional necessary parties. Should Defendants learn of any additional necessary parties or potential tortfeasors throughout the course of discovery, Defendants will timely designate the same.

7. **Contemplated Motions**:

   a. At this time, Plaintiffs currently anticipate filing dispositive motions on their claims. Plaintiffs also believe that discovery outside of the limitations in Rules 26 through 36 may be required due to the number of parties and information that is currently unknown. Although Plaintiffs believe that all parties may be able to stipulate to additional discovery requests, Plaintiffs also know that they may seek leave from this Court to expand on those limits. Plaintiffs may file motions pursuant to Rules 702-705, Fed. R. Evid.

   b. Defendants anticipate filing at least partial dispositive motions at the close of discovery. Additionally, in the event that the Parties are unable to reach agreement regarding expanded discovery, Defendants will likely oppose any motion to expand presumptive discovery limitations. Finally, Defendants may also file motions pursuant to Rules 702-705, Fed. R. Evid.

8. **Related Cases**: There are no related cases pending before this Court or any other Court.

5

7767205.1

9.  **Discussion of Electronically Stored Information**:

a. Plaintiffs: An issue has come up regarding video footage from the jail. Specifically, the County has changed video service providers and the technology that permits the playback of video files may be unavailable, making the video files unreadable. Plaintiffs consider this a significant issue as it is believed that the jail has video cameras that, when operating and viewable, would potentially identify defendants and provide evidence that County officials knew about Mr. Brown's medical conditions.

b. Defendants:

While Yavapai Defendants admit that it did change its jail surveillance system, it denies that the video files are unavailable or unreadable. Yavapai Defendants are working diligently on identifying the specific cameras, dates and times for the videos, of which there are approximately twenty-four (24) for the areas of jail where Mr. Brown was housed during his incarceration.

10. **Work Product Issues**:     There are no work product issues at this time.

11. **Compliance with MIDP**:    The parties are all aware of the MIDP requirements and will remain in compliance with the MIDP Order.

12. **Service of MIDP Responses**:   The parties have served their initial MIDP responses and the parties agree to supplement responses as necessary.

13. **Proposed Dates**:
    a.  Deadline for the completion of fact discovery:  Friday, September 25, 2020
    b.  Deadline for areas of experts: December 13, 2019
    c.  Deadline for disclosures of Plaintiffs' expert testimony:  Friday, April 24, 2020

6

7767205.1

  d. Deadline for the disclosure of Defendants' expert testimony: Friday, June 5, 2020.

  e. Deadline for disclosure of the Parties' expert rebuttal testimony: Friday, July 3, 2020.

  f. Deadline for completion of all expert depositions: Friday, November 6, 2020

  g. Deadline for filing dispositive motions: Friday, January 15, 2021

  h. Deadline for good faith settlement discussions: Friday, January 15, 2021

14. **Jury Trial**: A jury trial is requested.

15. **Estimated length**: The parties estimate the length of trial as 10 days.

16. **Prospect for Settlement**: Although the case is in its nascent stages, the parties do not currently anticipate issues with settlement. The parties currently do not request the assistance of a Magistrate Judge.

17. **Other matters**: Due to the nature of the case, which involves jail and medical providers, Plaintiff anticipates the need for more than 10 depositions. Plaintiff is currently unaware of the number of depositions necessary but does not anticipate more than 20 depositions. Charlie was in the jail for approximately 5 days and there are overlapping security and medical personnel who may have information related to Charlie and his medical condition(s). Further, Plaintiff has alleged constitutional claims against Wexford Health Sources, Inc. and Yavapai County and Plaintiff anticipates depositions of both of those organizations pursuant to Rule 30(b)(6). Plaintiff does not believe that any further expansion of discovery requests, including interrogatories, is necessary at this time.

  The Parties agree that a protective order is appropriate in this case due to the sensitive nature and security issues involved with correctional litigation. The parties are in the process of approving a protective order prior to exchange of documents and video-surveillance footage from the jail.

7767205.1

**DATED** this 29th day of July 2019.

| | |
|---|---|
| **MILLS + WOODS LAW, PLLC** | **JONES, SKELTON & HOCHULI, P.L.C.** |
| By:   /s Scott Griffiths<br>Robert T. Mills<br>Sean A. Woods<br>Scott Griffiths<br>5055 North 12th Street, Suite 101<br>Phoenix, AZ 85014<br>*Attorneys for Plaintiff* | By:   /s Kathleen S. Elder (w/ permission)<br>Brandi C. Blair<br>Kathleen S. Elder<br>40 North Central Avenue, Suite 2700<br>Phoenix, Arizona 85004<br>*Attorneys for Defendants Wexford Health Sources, Inc., Kadyann Cobey, Debra Wagner, Danielle Alderson, and Linda Alvarez* |
| **GUST ROSENFELD, P.L.C.** | **O'CONNOR & CAMPBELL, P.C.** |
| By:   /s J.T. Shoaf (w/ permission)<br>J.T. Shoaf<br>One East Washington Street<br>Suite 1600<br>Phoenix, Arizona 85004-2553<br>*Attorneys for Defendants Thompson* | By:   /s Karen Stillwell (w/ permission)<br>Daniel J. O'Connor<br>Karen J. Stillwell<br>7955 South Priest Drive<br>Tempe, Arizona 85284<br>*Attorneys for Defendants Yavapai County and Sheriff Scott Mascher* |

8

7767205.1

# CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brandi Blair
Kathleen Elder
**SKELTON, JONES & HOCHULI PLC**
40 North Central Avenue, #2700
Phoenix, AZ 85004
*Attorney for Defendants Wexford Health Sources, Inc.; Kadyann Cobey and John Doe Cobey; Debra E. Wagner and John Doe Wagner; Danielle Alderson and John Doe Alderson; and Linda Alvarez and John Doe Alvarez*

JT Shoaf
**GUST ROSENFELD PC**
1 Washington Street, #1600
Phoenix, AZ 85004
*Attorney for Defendants Mike Thompson and Jane Doe Thompson*

Daniel O'Connor
Karen J. Stillwell
**O'CONNOR & CAMPBELL**
7955 South Priest Drive
Tempe, AZ 85284
*Attorney for Defendants Yavapai County and Sheriff Scott Mascher*

　　　　/s  Scott Griffiths

7767205.1