Daniel J. O'Connor, Jr., Bar No. 010081
Karen J. Stillwell, Bar No. 022711
**O'CONNOR & DYET, P.C.**
7955 South Priest Drive
Tempe, AZ 85284
daniel.oconnor@occlaw.com
karen.stillwell@occlaw.com
602-241-7000
*Attorneys for Defendants, Yavapai County and Sheriff Scott Mascher*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanna Newman, personal representative of the Estate of Charles Edward Brown; Jeannie Worden, mother of Charles Edward Brown; Charles Wilson Brown, natural father of Charles Edward Brown, <br><br> Plaintiffs, <br><br> vs. <br><br> Yavapai County, a governmental entity; Sheriff Scott Mascher, in his official capacity as Sheriff of Yavapai County; Wexford Health Sources, Inc., a Florida Corporation; Kadyann Cobey and John Doe Cobey, a married couple, Debra E. Wagner and John Doe Wagner, a married couple; Danielle Alderson and John Doe Alderson, a married couple; Mike Thompson and Jane Doe Thompson, a married couple; Linda Alvarez, and John Doe Alvarez, a married couple; John and Jane Does 1-100; Black Partnerships I-1-; White Corporations 1-10, <br><br> Defendants. | Case No.: 3:19-cv-08136-ROS-JZB <br><br> **DEFENDANTS YAVAPAI COUNTY AND SHERIFF SCOTT MASCHER'S <u>EXPEDITED</u> MOTION TO STAY DISCOVERY** |

Defendants Yavapai County and Sheriff Scott Mascher ("County Defendants"), on an expedited basis, move for a stay of discovery pending resolution of their Motion for Judgment on the Pleadings. Several discovery deadlines are quickly approaching and the County Defendants request that the Court issue a stay of ***all discovery*** for ***all parties*** while

1    the County Defendants' Motion for Judgment on the Pleadings is being briefed, argued,

2    and submitted to the Court for its decision. This Motion is supported by the following

3    Memorandum of Points and Authorities.

4                    **MEMORANDUM OF POINTS AND AUTHORITIES**

5    **I.      LEGAL STANDARD.**

6           A district court has broad discretion to stay discovery pending the disposition of a

7    dispositive motion. *See Lloyd v. Buzell*, 2019 WL 2646243, at *1 (W.D. Wash. June 27,

8    2019), *Suarez v. Beard*, No. 15-CV-05756-HSG, 2016 WL 10674069, at *1 (N.D. Cal.

9    Nov. 21, 2016) *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). *Panola Land

10   Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo,

11   Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). A court may relieve a party of the burdens of

12   discovery while a dispositive motion is pending. *See Seattle Times Co. v. Rhinehart*, 467

13   U.S. 20, 36 (1984). ***Where discovery will not affect the decision***, staying discovery ensures

14   a defendant's motion is properly addressed and ***advances "the goals of efficiency for the

15   court and litigants."*** *Little*, 863 F.2d at 685.

16          A stay of discovery pending resolution of a potentially dispositive motion is

17   appropriate where the moving party satisfies both elements of a two-part test. *Pacific

18   Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52

19   (N.D. Cal. 2003). First, the moving party must demonstrate that the "pending motion is

20   potentially dispositive of the entire case, or at least dispositive on the issue at which the

21   discovery is directed." *Id.* at 352. Second, "the court must determine whether the pending

22   dispositive motion can be decided absent additional discovery." *Id.* "In applying the two-

23   factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits

24   of the pending dispositive motion to assess whether a stay is warranted." *Ministerio Roca

25   Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013). In addition, a

26

district court should stay discovery until the threshold question of qualified immunity is settled. See *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

A.     **The County Defendants' Pending Motion is Dispositive of Case or Issue.**

The pending Motion for Judgment on the Pleadings is dispositive for **all claims** against the County Defendants. As set forth in the County Defendants' Motion for Judgment on the Pleadings, Counts I, III, and IV of Plaintiffs' Complaint should be dismissed based on the pleadings and the relevant case law.

Under Count I, Plaintiffs failed to amend their Complaint to identify the "Detention Doe Defendants" for whom Plaintiffs conclusory assert Defendant Mascher is vicariously liable.  The failure to identify the "Detention Doe Defendants" affects **all** of Plaintiffs' claims against the County Defendants. Specifically, Plaintiffs fail to establish any affirmative link between the death of Mr. Brown and the conduct of any particular defendant. Defendant Sheriff Mascher should also be dismissed from all claims related to "Detention Doe Defendants" because Plaintiffs do not allege in their pleadings that Defendant Sheriff Mascher had any personal involvement in Brown's death. Finally, Plaintiffs failed to allege there is a clearly established law that "Detention Doe Defendants" allegedly violated and the County Defendants are entitled to qualified immunity.

Under Count III, Plaintiffs' Complaint does not state a sufficient or cognizable theory of liability against County Defendants. Under Count IV, Plaintiffs' Complaint fails to allege an affirmative link between the death of Brown and the conduct of County Defendants, entitling the County Defendants to statutory and common law qualified immunity. Finally, Plaintiffs' wrongful death claims against any of the unidentified Detention Doe Defendants are barred for failure to comply with Arizona's notice-of-claim statute. A.R.S. § 12-821.01(A).

**B.** **The County Defendants' Pending Motion Can Be Decided Without Additional Discovery.**

The County Defendants' Motion can be decided absent additional discovery because Plaintiffs failed to identify any particular "Detention Doe Defendant" and Plaintiffs are now barred from doing so pursuant to this Court's Order, as well as the Statute of Limitations. On August 5, 2019, the Court ordered Plaintiffs to join parties, amend pleadings, including filing any supplemental pleadings no later than October 5, 2019. (Doc. 23). The parties were specifically informed that the Court will not, absent truly unusual circumstances, extend the Scheduling Order. (Id. at p. 5). The General Order also prevents Plaintiffs from disclosing additional discovery. (Doc. ___). Plaintiffs never sought to amend the Complaint and never requested an extension of the deadlines set forth in the Court's Order.  Moreover, and most importantly, the Statute of Limitations expired on **February 5, 2020**. Therefore, despite Plaintiffs' ample opportunities to review the records and identify any particular Defendants, Plaintiffs failed to do so and are now time-barred.

**II.** **CONCLUSION.**

Because the Motion for Judgment on the Pleadings may result in a dismissal of the entire action against the County Defendants and can be decided without additional discovery, a stay would advance the efficiency for the Court and the litigants. Therefore, the County Defendants respectfully request that the Court grant their **Expedited** Motion to Stay Discovery for *all parties* until the pending Motion for Judgment on the Pleadings is briefed, argued, and decided upon by this Court.

Dated: June <u>16</u>, 2020.

**O'CONNOR & DYET, P.C.**

By: <u>*/s/Karen J. Stillwell*</u>
Daniel J. O'Connor, Jr.
Karen J. Stillwell
*Attorneys for Defendants, Yavapai*
*County and*
*Sheriff Scott Mascher*

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on June 16, 2020, I electronically filed the foregoing with the

3 Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF

4 System. A Notice of Electronic Filing will be served to the following registered

5 participants:

6

Robert T. Mills
Sean A. Woods
Scott Griffiths
Mills Woods Law
5055 N. 12th St., Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*
sgriffiths@millsandwoods.com

Brandi C. Blair
Kathleen S. Elder
JONES, SKELTON & HOCHULI, PLC
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
bblair@jshfirm.com
kelder@jshfirm.com
*Attorneys for Defendants Wexford Health Sources, Inc., Kadyann Cobey, Debra E. Wagner, Danielle Alderson and Linda Alvarez*

J.T. Shoaf
Gust Rosenfeld, PLC
One East Washington St., Suite 1600
Phoenix, AZ 85004
*Attorneys for Defendant, James Mike Thompson*
jshoaf@gustlaw.com

By: */s/Karen Larson*

- 5 -