Kathleen S. Elder, Bar #021763
Brandi C. Blair, Bar #025944
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7889
kelder@jshfirm.com
bblair@jshfirm.com

Attorneys for Defendants Wexford Health Sources, Inc., Kadyann Cobey, Debra E. Wagner, Danielle Alderson and Linda Alvarez

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Joanna Newman, personal representative of the Estate of Charles Edward Brown; Jeannie Worden, mother of Charles Edward Brown; Charles Wilson Brown, natural father of Charles Edward Brown,<br><br>Plaintiffs,<br><br>v.<br><br>Yavapai County, a governmental entity; Sheriff Scott Mascher, in his official capacity as Sheriff of Yavapai County; Wexford Health Sources, Inc., a Florida Corporation; Kadyann Cobey and John  Doe Cobey, a married couple, Debra E. Wagner and John Doe Wagner, a married couple; Danielle Alderson and John Doe Alderson, a married couple; Mike Thompson and Jane Doe Thompson, a married couple; Linda Alvarez, and John Doe Alvarez, a married couple; John and Jane Does 1-100; Black Partnerships 1-10; White Corporations 1-10,<br><br>Defendants. | NO. 3:19-cv-08136-ROS-JZB<br><br>**DEFENDANT WEXFORD HEALTH SOURCES' MOTION TO QUASH THIRD-PARTY SUBPOENA TO DR. MARK COLLINS**<br><br>**-OR IN THE ALTERNATIVE-**<br><br>**MOTION TO LIMIT SDT** |

Pursuant to Rule 45, Fed.R.Civ.P., Defendant Wexford Health Sources hereby moves to quash Plaintiffs' subpoena to Dr. Collins who is not a party to this lawsuit.  The subpoena was not timely served and  seeks privileged information which is non-discoverable and/or for which no waiver is provided.  Furthermore, Plaintiffs'

8832311.1

subpoena is overly broad, unduly burdensome, and seeks documents that are not relevant to the issues in this case and are not proportional to the needs of this case. Accordingly, Defendant Wexford Health Sources requests that this Court quash the SDT, or in the alternative, limit Plaintiffs' third-party SDT to documents contained in Dr. Collins' file related to any communications with Mike Thompson or others about former Inmate Charles Brown. This Motion is supported by the following Memorandum of Points and Authorities. The parties attempted to come to an agreement as to the scope of the documents and testimony sought by the subpoena, but were unsuccessful without court intervention. *See* Good Faith Consultation Certificate, attached as Exhibit 1.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND**

Plaintiffs filed a lawsuit alleging that Wexford Health Sources and the named Wexford employees violated Charles Brown's ("Brown") constitutional rights in failing to provide proper medical and mental health treatment while he was an inmate at Yavapai County Jail. The Complaint also includes a state law wrongful death/negligence cause of action. Dr. Collins is a licensed psychiatrist who has a contract with Wexford to provide psychiatric treatment to inmates at Yavapai County Jail. Dr. Collins is an independent contractor and not an employee of Wexford. Dr. Collins is not a named party to this lawsuit and Plaintiffs are not making any claims against Dr. Collins.

Mike Thompson evaluated Brown and released him from suicide watch. Brown committed suicide later that same day in his jail cell. Dr. Collins is in a consulting role and has no supervisory responsibilities over Thompson. Thompson did not consult with Dr. Collins about Brown at any time, and Dr. Collins was not involved in the care of Brown while he was an inmate. Finally, Dr. Collins played no role in the post-death investigation events.

Nonetheless, Plaintiffs advised Defendant Wexford that on October 15, 2020, Plaintiffs served Dr. Collins with a subpoena to take his deposition and produce the hardcopy and electronic documents in the following categories before or at his deposition:

1. All documents and emails between Dr. Collins and Thompson "related to" or "arising from" Thompson's work in mental health, in any capacity, at Yavapai County Jail from May 4, 2010 to present, including but not limited to evaluations and responses;

2. Documents maintained by Dr. Collins "related to" Thompson's work in mental health, in any capacity, at Yavapai County Jail from May 4, 2010 to present, including notes of observations of Thompson, his performance and professionalism, and any critiques of Thompson;

3. Documents between Dr. Collins and any Wexford Health employee, including Becky Payne, related to Thompson's mental health work at the jail; and

4. Summary of all hours Dr. Collins worked at the jail for the years 2017 to present.

*See* Subpoena for Document Request and Deposition, attached as Exhibit 2. Plaintiffs plan to elicit testimony from Dr. Collins about these documents at his deposition on Monday, October 26, 2020.

With the exception of documents responsive to the above that reflect Mike Thompson's evaluation or involvement with Charles Brown, Wexford Health Sources objects to Requests 1 to 4 as the subpoena seeks items that are privileged, unrelated to the issues in the case, and seeks documents to which Dr. Collins does not have access.

As the SDT seeks documents and communications of other inmates who received mental health treatment from Wexford Health Sources' providers, this Defendant has an interest in protecting the private nature of such documents and communications.

## II.   LEGAL ARGUMENT

### A.   **Plaintiffs' Subpoena Is Required to Be Quashed For Underdue Burden and Untimeliness.**

An attorney who issues and serves a subpoena must take reasonable steps to avoid imposing undue burden or expense to the person subject to the subpoena and the Court has an obligation to enforce that duty.  Rule 45(d)(1), Fed. R. Civ. P.  Pursuant to Rule 45(b)(3), Fed. R. Civ. P., when a timely motion is filed, the Court must quash a subpoena that:

(i) fails to allow a reasonable time to comply; or

(iv) subjects a person to undue burden.

Plaintiffs' counsel has failed to meet his obligations as required by Rule 45(b)(1). By serving non-party Dr. Collins on October 15 with a subpoena to produce documents and emails on Friday, October 23, 2020, and be prepared to testify about these same documents at deposition the following Monday, Plaintiff has failed to allow Dr. Collins a reasonable time to comply and has subjected him to an undue burden.

Dr. Collins is not a party to this lawsuit. Dr. Collins was given only six working days to cull through ten years of documents to identify documents responsive to the subpoena. It is unknown if Dr. Collins has been assigned counsel, but undoubtedly they need time to prepare for the deposition.

**B.     Furthermore, the SDT Seeks Privileged Information For Which No Releases Have Been Obtained.**

The Court should quash the subject subpoena because it commands Dr. Collins to produce records and testimony that are privileged or otherwise protected under federal and Arizona law. The subject subpoena seeks non-party inmate records and communications about Thompson's care, treatment, and evaluation of Yavapai County Jail inmates' mental health spanning over ten years, yet fails to provide any signed authorization or court order for release of these documents. Medical and mental health records, including Brown's, as well as communications about these inmates, treatment and exam findings, are subject to HIPAA and accordingly constitute Protected Health Information under federal law. In addition, under Arizona law, Dr. Collins is precluded from producing inmate patient records without authorization from someone legally able to provide such authorization or a Court Order. A.R.S. §§ 12-2294; 12-2294.01(B). Medical records means all communications related to a patient's physical or mental health or condition that are recorded in any form or medium and that are maintained for purposes of patient diagnosis or treatment, including medical records that are prepared by a health care provider or by other providers. A.R.S. § 12-2291.

While arguably Plaintiffs have waived confidentiality as to Brown's records,

8832311.1                                            4

no other inmate has done so.[1]  Accordingly, the subject subpoena requires disclosure of privileged or other protected information and must be quashed, absent signed authorizations to release medical information.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

### C. The SDT Seeks Information That Is Unduly Burdensome as Well As Irrelevant to the Issues in this Case.

"[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.' " *ATS Products*, 309 F.R.D. at 531 (quoting *Gonzales v. Google, Inc*., 234 F.R.D. 674, 680 (N.D. Cal. 2006)). " 'Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries.' " Id. (quoting *Gonzales*, 234 F.R.D. at 679–80). "[A] subpoena seeking completely irrelevant information might be quashed as unduly burdensome[.]" *Miller v. York Risk Services Group*, Case No. 2:13–cv–1419 JWS, 2014 WL 4230783, at *1 (D. Ariz. Aug. 27, 2014). (cited in *Cheatwood v. Christian Bros. Servs*., No. 2:16-CV-2946-HRH, 2018 WL 287389, at *2 (D. Ariz. Jan. 4, 2018)(unreported case).

"Where a party has subpoenaed a non-party, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.' " *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y.2010) (quoting *Kingsway Fin. Serv., Inc*., 2008 WL 4452134, at *4).  The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed.R.Civ.P. 26(c)(1). Likewise, Rule 45(d)(3)(A)(iii-iv) requires the Court to quash a subpoena that "requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies" or  "subjects a person to an undue burden." Fed.R.Civ.P. 45(c)(3); see also *Cook v. Howard*, 2012 WL

---

[1] Moreover, there is no way for Dr. Collins to know if he is free to speak about Brown, if any care provided, as he is not a party to this lawsuit and no authorization was attached to the subpoena.

8832311.1                                               5

3634451, (4th Cir.)(unreported), at *6 n. 7. This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." *Id*.

Plaintiffs must prove whether Thompson and other Wexford providers were deliberately indifferent and/or negligent in failing to provide for Brown's medical and mental health needs. At issue in the case is whether Brown was adequately treated for opiate detox symptoms, and whether it was appropriate for Thompson to remove Brown from suicide watch when he denied past and present intent to harm himself. Yet, Plaintiffs have made no efforts to limit their subpoena requests to issues similar to this litigation: Plaintiff has made no effort to inquire whether any of the documents or communications sought involve (1) inmates undergoing detox with similar COWS scoring or symptoms and last date of use; (2) inmates with similar medical and mental health history; (3) other inmates whom Thompson evaluated and/or released from suicide watch; and/or (4) other inmates who went on to self-harm or commit suicide after Thompson evaluated and released the inmate from suicide watch.

In this case, the records sought by Plaintiffs are privileged under state and federal law and are not subject to disclosure without patient authorization. The information contained in other non-party inmate records or communications about other inmate mental health care also has no bearing upon the parties' claims or defenses in this case. These inmate mental health conditions, histories, treatment, and outcomes are tangential issues that should not be injected into the subject litigation simply because Plaintiffs seek to pile on against Mike Thompson and his employer Wexford Health Sources by obtaining evidence of other alleged "bad" patient outcomes.

Even if the subpoena identified other inmates whom Thompson evaluated and removed from suicide watch, yet later was placed back on watch or attempted an act of self-harm, none of them are relevant to this case because they necessarily involve different inmates, players, and circumstances. To determine if Thompson's medical judgment and opinion in those cases was appropriate or not would require a review of the same medical, correctional, and mental health records available to Thompson at the time

8832311.1
6

along with an assessment of pre-existing conditions and other potential causes. In addition to being onerous, time consuming, and expensive, none of this would have any bearing on the constitutional and wrongful death allegations in this case.

Wexford Health Sources has already produced Thompson's employment file including annual employment evaluations, some good, others not as good, as well as disciplinary action that arose from this incident. Absent some showing of relevance, the subpoena should be quashed because speculation as to pattern of negligence or deliberate indifference in treatment of other inmates, critiques or disciplinary actions is not sufficient to burden Dr. Collins with the task of sifting through 10 years of emails and documents exchanged with Thompson, or that may reference Thompson and mental health care provided. This amounts to nothing more than a fishing expedition for which good cause has not been established.

Rule 45(e)(2)(B)(iv) permits the Court to quash a subpoena if "justice so requires." Because the subject subpoena puts Dr. Collins in the position of either complying with the subpoena and thus violating federal and state law, or adhering to federal and state law and not complying with the subpoena, Dr. Collins is subjected to undue burden. Having made no efforts to limit the SDT requests, Plaintiff has failed to provide a reasonable basis as to why Dr. Collins should be required to comply with the unduly burdensome subpoena. Therefore, the Court should quash the subpoena.

**D.** **In the Alternative, the Court Should Limit the Subpoena In Patient, Scope, and Time.**

In the alternative, Defendant Wexford Health Sources moves this Court to enter an order limiting the documents sought by Plaintiffs' subpoena to any documents or communications Dr. Collins may have concerning Thompson's evaluation and decision to remove Brown from suicide watch, and/or any documents reflecting his evaluation of Thompson's assessment skills and judgment pertaining to removing an inmate from suicide watch in the 24 months preceding Charles Brown's death. In outlining such parameters, Defendant is not agreeing to the relevance and admissibility of these

documents.

## III. CONCLUSION

The subpoena failed to provide adequate response time and improperly seeks production of documents and testimony which are protected by both federal and state law. Wexford Health Sources has an interest in protecting inmate privacy. The subpoena also subjects Dr. Collins to undue burden. Therefore, Wexford Health Sources respectfully requests the Court to quash the subject subpoena. Alternatively, we request that the Court modify the subpoena as outlined in this document.

DATED this 22nd day of October 2020.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Kathleen S. Elder
    Kathleen S. Elder
    Brandi C. Blair
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant Wexford Health Sources, Inc., Kadyann Cobey, Debra E. Wagner, Danielle Alderson and Linda Alvarez

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Sean A. Woods
Scott Griffiths
MILLS + WOODS LAW
5055 North 12th Street
Suite 101
Phoenix, Arizona 85014
Attorneys for Plaintiffs

John T. Shoaf
GUST ROSENFELD P.L.C.
One East Washington Street
Suite 1600
Phoenix, Arizona 85004-2553
Attorneys for Defendant Mike Thompson

/s/ Pam Pullem

# EXHIBIT 1

| | |
|---|---|
| 1 | Kathleen S. Elder, Bar #021763 |
| | Brandi C. Blair, Bar #025944 |
| 2 | JONES, SKELTON & HOCHULI, P.L.C. |
| | 40 North Central Avenue, Suite 2700 |
| 3 | Phoenix, Arizona  85004 |
| | Telephone:  (602) 263-1700 |
| 4 | Fax:  (602) 200-7889 |
| | kelder@jshfirm.com |
| 5 | bblair@jshfirm.com |

Attorneys for Defendants Wexford Health Sources, Inc., Kadyann Cobey, Debra E. Wagner, Danielle Alderson and Linda Alvarez

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Joanna Newman, personal representative of the Estate of Charles Edward Brown; Jeannie Worden, mother of Charles Edward Brown; Charles Wilson Brown, natural father of Charles Edward Brown, | NO. 3:19-cv-08136-ROS-JZB |
| | **GOOD FAITH CONSULTATION CERTIFICATE** |
| Plaintiffs, | |
| v. | |
| Yavapai County, a governmental entity; Sheriff Scott Mascher, in his official capacity as Sheriff of Yavapai County; Wexford Health Sources, Inc., a Florida Corporation; Kadyann Cobey and John  Doe Cobey, a married couple, Debra E. Wagner and John Doe Wagner, a married couple; Danielle Alderson and John Doe Alderson, a married couple; Mike Thompson and Jane Doe Thompson, a married couple; Linda Alvarez, and John Doe Alvarez, a married couple; John and Jane Does 1-100; Black Partnerships 1-10; White Corporations 1-10, | |
| Defendants. | |

Scott Griffiths, counsel for Plaintiffs, and Kathleen Elder, counsel for Defendant Wexford Health Sources, Inc., hereby certify that they have conferred regarding the appropriate scope of documents set forth in the subpoena to Dr. Mark Collins, and were unable to reach a resolution, despite a good faith attempt.

8861157.1

DATED this 22nd day of October 2020.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Kathleen S. Elder
    Kathleen S. Elder
    Brandi C. Blair
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants Wexford Health Sources, Inc., Kadyann Cobey, Debra E. Wagner, Danielle Alderson and Linda Alvarez

MILLS + WOODS LAW


By /s/ Scott Griffiths *with permission*
    Robert T. Mills
    Sean A. Woods
    Scott Griffiths
    5055 North 12th Street, Suite 101
    Phoenix, Arizona 85014
    Attorneys for Plaintiffs

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
for the
District of Alaska

| | |
|---|---|
| Estate of Charles Edward Brown, et al., ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| Wexford Health Sources, Inc., et al., ) | |
| *Defendant* ) | |

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A CIVIL ACTION**

To: Dr. Mark Collins c/o Pronghorn Psychiatry, Stoneridge Centers
5940 E. Copper Hill Dr. Ste B & E, Prescott Valley, AZ. 86314

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: For Document Request, see Exhibit 1 | Courtroom No.: n/a |
|---|---|
| For Deposition, see Notice of Deposition (attached) | Date and Time: |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: Please produce the documents listed in Exhibit 1 to our office on or before Friday, October 23, 2020.

Deposition is currently calendared for October 26, 2020 at 2:00 p.m. Deposition will be conducted via Zoom or other electronic means. Please provide this notice to your attorneys, if any, or contact our office to provide an email address so that a link for the deposition can be sent.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/06/2020

*CLERK OF COURT*

OR

_____            /s Scott Griffiths
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Estate of Charles Edward Brown, , who issues or requests this subpoena, are:
Scott Griffiths c/o MILLS + WOODS LAW PLLC, 5055 N. 12th Street, Suite 101, Phoenix, Arizona 85014.
email documents to docket@millsandwoods.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Dr. Mark Collins c/o Pronghorn Psychiatry, Stoneridge Centers
5940 E. Copper Hill Dr. Ste B & E, Prescott Valley, AZ. 86314

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

United States District Court – District of Arizona
*Joanna Newman, et al., v. Wexford Health Sources, Inc.*
CV-19-08136-PCT-ROS (JZB)
Notice of Deposition of Dr. Mark Collins
Subpoena, Exhibit 1

The requested documents will be discussed at your deposition on Monday, October 26,2020 at 2:00 p.m. Therefore, please produce the following documents to our office on or before Friday, October 23, 2020. If you have questions, please feel free to contact my office at (602) 790-7298.

Definitions:

1.) "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments.

2.) You means Dr Mark Collins, acting individually or on behalf of Pronghorn Psychiatry.

**DOCUMENTS REQUESTED**

1. Produce any and all Documents, including emails, between You and James "Mike" Thompson related to, or arising from, Mr. Thompson's work in mental health, in any capacity, at Yavapai County Jail from May 4, 2010 through present. This request includes, but is not limited to, any evaluations of Mr. Thompson and any responses thereto.
2. Produce any and all Documents kept or maintained by You which relate to James "Mike" Thompson's work in mental health, in any capacity, at Yavapai County Jail from May 4, 2010 through present. This request includes, but is not limited to, any personal notes or observations of Mr. Thompson, including Mr. Thompson's performance, Mr. Thompson's professionalism, and any critiques of Mr. Thompson. This request includes any Documents

and Communications that are kept separately from Mr. Thompson's personnel file. This request includes any Communications sent to or from Dr. Collins by any third party.
3. Produce any and all Documents, including emails, between You and Becky Payne, or any other employee at Wexford Health Sources, Inc., related to, or arising from, Mr. Thompson's work in mental health at Yavapai County Jail from May 4, 2010 through present.
4. Produce a summary of all hours worked at Yavapai County Jail pursuant to any independent contractor agreements for the calendar years 2017 through present.